UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

CHERYL DENISE WELCH BROWN                                                    PETITIONER

VERSUS                                        CIVIL ACTION NO. 3:18CV885-HTW-RPM

RON KING et al                                                              RESPONDENTS

## PROPOSED FINDINGS OF FACT AND RECOMMENDATION

Cheryl Denise Welch Brown filed a 28 U.S.C. § 2254 petition on December 26, 2018, challenging her conviction and sentence. Doc. [1]. She is currently in the custody of the Mississippi Department of Corrections and serving her sentence at the Central Mississippi Correctional Facility. As grounds for relief, Brown's petition raises two claims: (1) her conviction was against the overwhelming weight of the evidence; and (2) she was not competent to stand trial. Doc. [17] at 1. The petition is now before the Court on Respondents' motion to dismiss the petition as time barred. Doc. [20].

On December 3, 1998, a jury in the Circuit Court of Lauderdale County, Mississippi, convicted Petitioner of murder. Doc. [20-1]. She was sentenced to life in prison. *Id.* On December 7, 1999, the Mississippi Court of Appeals affirmed her conviction and sentence on direct appeal. *Brown v. State of Mississippi*, 768 So.2d 312 (Miss.Ct.App. 1999); Doc. [20-2]. The Mississippi Court of Appeals then denied rehearing on March 28, 2000. Doc. [20-3]. The Mississippi Supreme Court initially granted *certiorari* review; however, the Mississippi Supreme Court later dismissed the petition on September 28, 2000, as "improvidently granted". Doc. [20-4] [20-5]. Counsel for Respondents conducted a search of state court records, which reflect that Petitioner filed two motions for post-conviction relief challenging the conviction and sentence. Doc. [20] at 7-9. These were filed in June 23, 2005, and December 3, 2007, respectively. *Id.*

The former was denied as time-barred on July 18, 2005, and the latter as successive on January 22, 2008.  Doc. [20-7] [20-8].  In their motion to dismiss, Respondents argue that Brown's § 2254 petition is time-barred by the Anti-terrorism and Effective Death Penalty Act's (AEDPA) one-year limitations period.  Doc. [20].  Petitioner has not filed a response in opposition.

<u>**LAW AND ANALYSIS**</u>

28 U.S.C. § 2244 of the AEDPA provides, in relevant part, that:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of–
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

In their motion to dismiss, Respondents argue Brown's judgment of conviction became final on December 27, 2000, and that she is not entitled to tolling of the limitations period.  The undersigned agrees and finds Petitioner's judgment of conviction became final on December 27, 2000, ninety days after the Mississippi Supreme Court dismissed Brown's petition for *certiorari* review.  *See* Rules of the United States Supreme Court 13(1); *Roberts v. Cockrell*, 319 F.3d 690

(5th Cir. 2003). Thus, to be timely under the AEDPA's one-year limitations provisions, Brown needed to file her § 2254 petition on or before December 27, 2001. *See Flanagan v. Johnson*, 154 F.3d 196, 201 (5th Cir. 1998). Brown has not filed a response in opposition to Respondents' motion to dismiss. Thus, she does not dispute the timeline as presented in Respondents' motion. Likewise, in her § 2254 petition, Brown does not argue any valid basis for construing her petition as timely. *See* Doc. [1] at 13-15; Doc. [9] at 12-14. Accordingly, absent statutory or equitable tolling of the limitations period, Brown's § 2254 petition filed on December 26, 2018, is untimely by approximately 17 years.

Brown is not entitled to statutory tolling because she did not submit a "properly filed" application for post-conviction relief in state court on or before December 27, 2001. *See* 28 U.S.C. § 2244(d)(2). Rather, she filed motions for post-conviction collateral relief on June 23, 2005, and December 3, 2007, several years after the deadline to file a timely § 2254 petition already had expired. Because she filed her state applications more than one year after the judgment of conviction became final, Brown's state applications do not operate to toll the AEDPA's one-year limitation period. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000)

Brown is not entitled to equitable tolling. The Supreme Court has recognized that, in appropriate cases, the limitations period may be equitably tolled. *Holland v. Florida*, 130 S.Ct. 2549, 2560-62 (2010). A petitioner is entitled to equitable tolling only if she shows (1) she has been pursuing her rights diligently, and (2) some extraordinary circumstance stood in her way and prevented timely filing. *Id.* at 2562. Brown fails to allege or argue any extraordinary circumstance that would justify equitable tolling. *See Melancon v. Kaylo*, 259 F.3d 401, 408 (5th Cir. 2001). She does not allege or argue that she pursued his rights diligently or that some extraordinary circumstance prevented her from timely filing the petition.

## RECOMMENDATION

Based on the foregoing, the undersigned recommends that Respondents' [20] Motion to Dismiss be GRANTED and that Cheryl Denise Welch Brown's 28 U.S.C. § 2254 petition for writ of habeas corpus be dismissed with prejudice.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy unless the time period is modified by the District Court. A party filing objections must specifically identify those findings, conclusions and recommendations to which objections are being made; the District Court need not consider frivolous, conclusive or general objections. Such party shall file the objections with the Clerk of the Court and serve the objections on the District Judge and on all other parties. A party's failure to file such objections to the proposed findings, conclusions and recommendation contained in this report shall bar that party from a de novo determination by the District Court. Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions that have been accepted by the district court and for which there is no written objection. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

SO ORDERED AND ADJUDGED, this the 16th day of November 2020.

/s/ *Robert P. Myers, Jr.*
ROBERT P. MYERS, JR.
UNITED STATES MAGISTRATE JUDGE